UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:23-cv-20177

GWENDOLYN DOLORES,

 Plaintiff,

vs.

TARGET CORPORATION,
a foreign profit corporation

 Defendant.
_____/

## **DEFENDANT'S EXPEDITED MOTION TO EXTEND THE DEADLINE TO RESPOND TO PLAINTIFF'S PROPOSAL FOR SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW**

 Defendant, Target Corporation, by and through its undersigned attorneys and pursuant to the applicable Federal Rules of Civil Procedure and Local Rule 7.1(d)(2), hereby files its Expedited Motion to Extend the Deadline to Respond to Plaintiff's Proposal for Settlement (the "Motion") and in support thereof states as follows:

### **INTRODUCTION**

 1. Defendant respectfully requests an expedited ruling on this Motion on or before February 9, 2023. Pursuant to the ruling in *Koppel v. Ochoa*, the Florida Supreme Court held that a filing of a motion for an enlargement of time does not toll the thirty-day (30) period for a party to accept or reject a proposal for settlement,

served pursuant to §768.79, Fla. Stat. 243 So. 3d 886 (Fla. 2018). Accordingly, Defendant respectfully requests that this Court grant an expedited ruling on this Motion before the expiration of Plaintiff's Proposal for Settlement, which is set to expire on February 13, 2023, in order to avoid prejudice to the Defendant.

## FACTUAL BACKGROUND

1.  As this Court holds diversity jurisdiction over this case, it applies Florida substantive law and the requirements of §768.79, Fla. Stat. Consequently, Defendant has thirty (30) days to accept or reject Plaintiff's Proposal for Settlement served on January 12, 2023. § 768.79, Fla. Stat. (2022) (emphasis added) ("[i]f a plaintiff files a demand for judgment **which is not accepted by the defendant within 30 days** and the plaintiff recovers a judgment in an amount of at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney's fees incurred from subsequent litigation…").

2.  On January 12, 2023, Plaintiff served its Proposal for Settlement to Defendant Target Corporation. *See* email service of Gwendolyn Dolores' Proposal for Settlement to Defendant attached as EXHIBIT "A." This Proposal for Settlement has an expiration date of February 13, 2023. However, Defendant has yet to receive adequate information to properly evaluate Plaintiff's Proposal for Settlement prior to the deadline to accept or reject the Proposal for Settlement.

3.      To begin, Plaintiff served Defendant with her Complaint on September 13, 2023. *See* Affidavit of Service attached as EXHIBIT "B." Therefore, Defendant received Plaintiff's Proposal for Settlement one hundred twenty one (121) days after service of the Complaint. *See* Fla. R. Civ. P. 1.442 (A proposal to a defendant shall be served no earlier than 90 days after service of process on that defendant…").

4.      Moreover, Defendant removed this case from State Court to this Court on January 17, 2023 (Doc. 1). On January 30, 2023 the parties submitted their Removal Status Report (Doc. 7). Subsequently, on January 31, 2023, the parties submitted their Joint Scheduling Report (Doc. 11). As such, this case is but at its very beginning stages and critical depositions have not yet occurred.

5.      The parties have only recently exchanged initial and preliminary discovery. Plaintiff served responses to Defendant's initial discovery requests on December 12, 2022 and Defendant served initial subpoenas on October 25, 2022. Defendant has started to receive responses to subpoenas from Plaintiff's medical providers, but needs additional time to receive subpoena responses and evaluate Plaintiff's current medical and billing records in order to analyze whether to accept or reject Plaintiff's Proposal for Settlement.

6.      Moreover, Plaintiff has not yet been deposed which is a critical event that must occur for Target to be able to fully assess the liability and damages issues in this matter in order to appropriately respond to the served proposal for settlement.

Importantly, the delay in deposing Plaintiff is due to no fault of the Plaintiff. On November 30, 2022, Target requested Plaintiff's deposition to take place on January 19, 2023. *See* email correspondence attached as EXHIBIT "C." The Parties tentatively agreed to the Plaintiff being deposed on that date. *Id.* On December 1, 2022, however, Plaintiff's Counsel advised that Plaintiff could not be deposed on that date, despite the prior agreement, with no reason articulated. *Id.* Target responded with a request to depose the Plaintiff on February 3, 2023. Plaintiff's counsel rejected the February 3, 2023 date, and provided dates at the end of February for the Plaintiff to be deposed. *Id.* Thereafter, on February 1, 2023, Target served its Re-Notice of Taking Deposition of Plaintiff Gwendolyn Dolores for **Tuesday, February 21, 2023**. *See* Re-Notice of Taking Deposition attached as "EXHIBIT D."

7. Therefore, Defendant has not had an opportunity to question Plaintiff about her extensive pre-incident medical history and treatment subsequent the alleged incident. This testimony will necessarily assist Defendant in evaluating whether to accept or reject Plaintiff's Proposal for Settlement.

8. In addition, mediation in this case will occur on May 24, 2023. *See* Notice of Mediation attached as "EXHIBIT "E". Therefore, an enlargement of time to respond to Plaintiff's Proposal for Settlement will not prejudice either party as this Court has not issued a Scheduling Order yet, and no trial date has been set yet.

9. Given the early posture of this case, Defendant needs additional time to make an informed decision on whether to accept or reject Plaintiff's Proposal for Settlement.

10. Therefore, Defendant respectfully requests that this Court enter an Order extending the time by forty five (45) days for Defendant to respond to Plaintiff's Proposal for Settlement served on January 12, 2023, and thereby enlarging the time to respond to Plaintiff's Proposal for Settlement to March 30, 2023.

## MEMORANDUM OF LAW

Defendant respectfully requests that this Court grant an expedited ruling prior to the expiration of Plaintiff's Proposal for Settlement on February 13, 2023. Florida district courts acknowledge that Florida law permits motions for an enlargement of time to respond to Plaintiff's Proposal for Settlement. *See Sindicich v. Amica* Mut. *Ins. Co.,* Case No. 6:14-cv-889-Orl-37KRS, 2016 U.S. Dist. LEXIS 86047 at *4 (M.D. Fla. Feb. 1, 2016) (discussing motions for an enlargement of time to respond to a Proposal for Settlement are "permitted under Florida law"). Pursuant to the *Erie* doctrine, this Court applies state substantive law when presiding over matters brought to the Court by diversity jurisdiction. *Esfeld v. Costa Crociere, S.P.A.*, 289 F. 3d 1300, 1306 (11th Cir. 2002). "Section 768.79 is also substantive for purposes of *Erie* and is, therefore, applicable in this case, which is based on the Court's

diversity jurisdiction." <u>Sindicich</u>, 2016 U.S. Dist. LEXIS 86047 at *3 (citing *McMahan v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001).

This Court, with or without motion, may also extend the time, for good cause, of any act that may or must be done within a specified time. Fed. R. Civ. P. 6(b)(1)(A). Therefore, Defendant respectfully requests that this Court extend the time for it to respond to Plaintiff's Proposal for Settlement for forty five (45) days so that it can properly evaluate Plaintiff's deposition testimony, current medical and billing records from Defendant's subpoenas as well as any applicable liens on the Plaintiff for treatment received allegedly as a result of Plaintiff's incident at Defendant's store. This request for an extension is entirely reasonably under the circumstances to allow Defendant to assess and make an informed decision on Plaintiff's Proposal for Settlement. There will be no prejudice to the Plaintiff, as this matter has not been set for trial yet and no pretrial deadlines are yet pending.

To this point, Defendant seeks the opportunity to question the Plaintiff on her medical treatment and history and provide Defendant with sufficient time to consider the testimony prior to responding to Plaintiff's Proposal for Settlement. As stated above, this matter was just removed to this Court two (2) weeks ago on January 17, 2023. Defendant has engaged in discovery with the Plaintiff for only about two (2) months. Defendant did not delay in scheduling the Plaintiff's deposition and requests the opportunity to evaluate the claim brought against Defendant from the Plaintiff

herself prior to accepting or rejecting any proposal for settlement. This request is not made for any purpose of delay.

As Florida law establishes that a motion for an enlargement of time to respond to a Proposal for Settlement does not toll the response date, Defendant has promptly filed this time-sensitive Motion for a hearing or ruling prior to February 11, 2023 after conferring with Plaintiff's counsel regarding this reasonable request at the Parties Joint Planning Conference and learning of Counsel's position. *Three Lions Const., Inc. v. Namm Grp., Inc.,* 183 So. 3d 1119, 1119–20 (Fla. 3d DCA 2015). District Court's within Florida have granted extensions of time, for good cause show, in circumstances like the instant case. *See* Court Orders granting defendant extensions of time to respond to proposals for settlement attached as EXHIBIT "F".

**WHEREFORE**, the Defendant, Target Corporation, respectfully requests that this Court (i) provide the parties with an expedited ruling on this Motion on or before February 9, 2023; (ii) extend the deadline for Target to respond to Plaintiff's Proposal for Settlement for forty five (45) days, (iii) and any other further relief this Court deems just and proper.

## Local Rule 7.1(a)(3) Certification

Counsel for the Defendant, Schuyler A. Smith, conferred with Plaintiff's Counsel on January 30, 2023 via phone regarding the relief requested herein and Plaintiff's Counsel indicated he does not agree to the relief sought.

Dated: 2/2/2023

        Respectfully submitted,

        */s/ Schuyler A. Smith*
        Schuyler A. Smith, Esq.
        Florida Bar No. 70710
        ssmith@hamiltonmillerlaw.com
        HAMILTON, MILLER & BIRTHISEL
        150 Southeast Second Avenue, Suite 1200
        Miami, Florida 33131-2332
        Telephone:  (305) 379-3686
        Facsimile:   (305) 379-3690
        ***Attorneys for Target Corporation***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 2, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

        */s/ Schuyler A. Smith*

## **SERVICE LIST**

Jerome A. Pivnik, Esq.
The Pivnik Law Firm
7700 N. Kendall Drive
Suite 703
Miami, FL 33156
Tel: 305-670-0095
JPivnik@Piviniklaw.com
*Attorney for Plaintiff*